ESSEX COUNTY TRUST COMPANY

*v.*

LORENZO H. ABBEY et al.

[Submitted May 20th, 1913. Determined June 18th, 1913.]

A corporation was in possession of corporate stock under an agreement between defendant and co-defendant that, if defendant should pay to the corporation for the use of co-defendant an amount stipulated, the corporation should deliver the stock to defendant, otherwise to co-defendant. A dispute as to the amount to be paid arose, and co-defendant demanded that the corporation should not deliver the stock unless a specified sum was paid by defendant, who insisted that a less sum was due, and subsequently notified the corporation that if it delivered the stock to co-defendant, it would be held liable.—*Held*, that the controversy presented adverse claims for possession of the stock, and the corporation could compel an interpleader.

---

Hearing on demurrer to bill of interpleader.

*Messrs. Queen & Stout,* for Schwerin and others, demurrants.

*Mr. Francis Lafferty,* for the complainant.

*Mr. Corra N. Williams,* for the defendant Abbey.

LEAMING, V. C.

Complainant has filed a bill of interpleader against defendants, Abbey, Schwerin and the Linden Building and Construction Company. The latter two defendants have demurred to the bill.

The bill discloses that complainant corporation holds in its possession certain certificates of corporate stock endorsed in blank. By the terms of an agreement between defendants Schwerin and Abbey, if defendant Schwerin on April 15th, 1912, should pay to complainant for the use of defendant Abbey the amount stipulated in the agreement, it became the duty of complainant to deliver the stock to defendant Schwerin or to his assignee, otherwise to deliver it to defendant Abbey.

April 11th, 1912, defendant Abbey notified complainant that the balance to be paid April 15th, 1912, would be $5,479.69, and authorized delivery of the stock to Schwerin upon the payment of that amount to complainant for the use of Abbey on that date. April 12th, 1912, defendant Linden Building and Construction Company notified complainant that it had assumed the contract on the part of defendant Schwerin, and that it was prepared to carry out the contract as it interpreted it; but that differences had arisen as to the interpretation of that part of the contract calling for interest by reason of defendant Abbey claiming that interest was payable on all installments and defendant Schwerin claiming that interest was payable only on defaulted installments, of which there were none; it therefore forbade delivery of the stock to any person other than itself. April 16th, 1912, defendant Abbey, by written notice to complainant, demanded possession of the stock. By a subsequent notice to complainant, defendant construction company stated that it held an assignment of Schwerin's interest and threatened a claim for damages against complainant in the event of the stock being delivered to defendant Abbey. The bill further avers that complainant is unable to determine whether or not the amount claimed by Abbey as due from Schwerin, or from the construction company as Schwerin's assignee, is the correct amount and cannot determine whether its duty is to deliver the stock to defendant Abbey pursuant to his demand or to hold the stock pursuant to the demand of defendant construction company. The remaining averments of the bill are the usual averments of disclaimer of interest, indemnity and collusion, with a prayer for defendants to interplead.

The joint and several demurrer of defendants Schwerin and the Linden Building and Construction Company is based upon the claim that while defendant Abbey has demanded of complainant possession of the stock demurrants have not demanded possession, but have only demanded that complainant retain possession and refuse to deliver possession to Abbey; it is accordingly urged in behalf of demurrants that in the absence of a demand on their part for possession of the stock they cannot be compelled to interplead.

I think it entirely clear that the position of demurrants is untenable. In the letter of April 12th, 1912, the demand made by the construction company to complainant is, "That you are not to deliver said stock to any party other than ourselves." In the subsequent letter complainant is informed by the construction company that if delivery of the stock is made to Abbey, "we will be compelled to look to you for our damages in this matter." The situation thus presented, as the same appears by the bill, is a demand made by Abbey for possession of the stock upon a claim that the failure of demurrants to pay a specified amount on a certain day had vested in him the right of possession, and a counter demand made on complainant in behalf of demurrants to the effect that the amount specified by Abbey as the final payment was in excess of the true amount and that they were prepared to pay the true amount, and forbidding delivery to any other party, and a threat of suit for damages in the event of such delivery. The essence of the demand thus made upon complainant in behalf of demurrants is a demand that complainant shall accept for the use of the defendant Abbey the lesser amount which demurrants claim to be the real amount due, when that amount shall be ascertained, and then deliver the stock to demurrants. It is clearly immaterial that demurrants may desire or demand that complainant retain physical possession of the stock against the demand of Abbey until such time as demurrants may adjust with Abbey the controversy touching the amount due, to the end that payment of the adjusted amount may be then made and the stock then received by demurrants; such a demand necessarily includes the idea that complainant shall hold

the stock for demurrants, and equally presents adverse claims of the real parties in interest touching the duty of complainant as custodian of the stock. Abbey claims that he is entitled to the stock because $5,479.69 was not paid by demurrants April 15th, 1912. It will be observed that delivery to demurrants by complainants was only authorized by Abbey in the event of the payment to complainant of that amount on that day. Demurrants claim that they are entitled to the stock by the payment of a lesser amount and that they cannot be denied their right by Abbey's requirements upon complainant for the payment of the excessive amount. The fundamental controversy is the amount which was payable April 15th, 1912. Demurrants' real claim is the right to pay to complainant less than $5,479.69 and receive the stock. The claim of Abbey is that he is entitled to the stock because demurrants were not entitled to receive it by paying less than $5,479.69. Such a controversy inherently presents adverse claims of possession to the stock in question, and complainant is clearly entitled to require the adverse claimants to interplead to the end that complainant's duty as a disinterested custodian may be fully and safely performed.

I will advise a decree overruling the demurrer to the bill.

Defendant Abbey has filed an answer to the bill of interpleader and a cross-bill against his co-defendants. To this cross-bill the co-defendants have demurred. At the hearing of the demurrer to the bill of interpleader it was suggested that in the event of the bill being sustained, the answer and cross-bill of defendant Abbey should stand as statements of claim under the rule, to the end that at final hearing all questions of law and fact could be conveniently heard together. As that suggestion was accepted, the decree of interpleader to be entered may contain that provision.